IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ORLANDUS CLARK, R56548,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-1078-MAB |
| | ) |
| **LEANNA WILLIAMS,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Orlandus Clark, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Vandalia Correctional Center (Vandalia), initiated the present lawsuit with a one-page document and some exhibits about his conditions of confinement. (Doc. 1). The Court found his pleading insufficient for multiple reasons, and invited him to file an amended pleading. (Doc. 4). The matter is now before the Court on Plaintiff's Second Amended Complaint (Doc. 19).

As an inmate, Plaintiff's amended pleading[1] is subject to review under Section 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

1

be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff's Second Amended Complaint contains a single page of allegations about the conditions of confinement at Vandalia. He alleges that toilets and urinals are located in close proximity to inmate telephones and the microwave/kitchen area (*See* Doc. 19, p. 6). He complains that this is unsanitary and that leaky pipes on the urinals sometimes cause water and urine to leak (*Id.*). He further alleges that there is mold in the showers and that the facility's heating and cooling ventilation systems have not been updated (*Id.*). Plaintiff alleges he has tried to grieve these issues, but nothing has changed (*Id.*). Plaintiff states he and his fellow inmates are unhappy with the conditions, want the facility to be renovated, and believe the conditions violate their Eighth Amendment rights (*Id.*). Plaintiff seeks money damages (*Id.* at p. 7). Notably absent from Plaintiff's one page of factual allegations is any reference or connection to Defendant Williams.

As was explained in association with Plaintiff's original pleading and his first amended complaint, the second amended complaint fails to provide sufficient detail to hold Defendant Williams liable for the conditions he describes. To state a valid § 1983 claim, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Williams cannot be held liable simply for her position as the warden of the prison because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under § 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

In the factual allegations of Plaintiff's second amended complaint, he does not mention Williams by name, nor does he attempt to describe her role in the harm he alleges or connect her to it in any way. Simply naming a defendant in the caption, without more, is not enough to state a valid claim. *Black v. Lane*, 22 F.3d 1395, 1401 n. 8 (7th Cir. 1994) (naming a party in the caption without mentioning them in the allegations is insufficient to state a claim).

To establish a conditions of confinement claim, an inmate must establish (1) a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) where prison officials are deliberately indifferent to this state of affairs. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016), *citing Farmer v. Brennan*, 511 U.S. 825, 824 (1994). Conditions may be considered collectively when analyzing a conditions of confinement claim, and the duration of the allegedly harmful conditions is relevant to the existence of an Eighth Amendment violation. *Id.*

In addition to identifying constitutionally deficient conditions and associating those conditions with an individual defendant, an inmate must also pinpoint some harm that stemmed from the conditions. Here, Plaintiff has not described any discrete physical harm, and instead simply suggests the conditions are unpleasant or are not liked by the inmate population. This is likewise problematic for a suit brought by an inmate, like Plaintiff's, because the PLRA does not allow the recovery of damages for solely mental or emotional injuries. *See* 42 U.S.C. § 1997e(e) (barring the recovery of compensatory damages for purely mental or emotional injuries).

Having now reviewed three complaints filed by Plaintiff, the Court does not believe that giving him leave to amend will prove fruitful. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). This matter will now be dismissed without prejudice for failure to state a claim. This dismissal shall count as one of Plaintiff's three allotted strikes under § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus any balance remains due and payable.

## Conclusion

Plaintiff's Second Amended Complaint (Doc. 19) is dismissed without prejudice for failure to state a claim. The Clerk of Court is **DIRECTED** to enter judgment and to **CLOSE** this case.

**IT IS SO ORDERED.**

**DATED: November 22, 2024**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

4

## NOTICE TO PLAINTIFF

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. A motion for leave to appeal in forma pauperis must set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).